Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

ABIGAIL H. BISHOP, Respondent, *v.* THE NEW YORK TIMES COMPANY, Appellant.

*Libel — evidence — admissibility of testimony showing shunning and avoidance of plaintiff by her child after reading article.*

*Bishop* v. *New York Times Co.*, 214 App. Div. 723, affirmed.
(Argued December 16, 1925; decided January 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 29, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. The action was for libel. (See 233 N. Y. 446.) The question on this appeal was whether evidence tending to show that the reading of the article in question by a child of the plaintiff had resulted in the child's shunning and avoiding the plaintiff was admissible as proof of damage.

*Emil Goldmark, Alfred A. Cook* and *John M. Greenfield* for appellant.

*Stanley C. Fowler* and *Ralph O. L. Fay* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE TRAVELERS INSURANCE COMPANY, Appellant, *v.* PEET & POWERS, Respondent.

*Negligence — action by insurance carrier to recover for death of workman through fire in factory caused by negligence of employee of defendant in letting fall ladder so as to strike and break bottle containing chemical solution.*

*Travelers Ins. Co.* v. *Peet & Powers*, 212 App. Div. 814, affirmed.
(Argued December 16, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial

department, entered February 16, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. Frederick Christman, an employee of the Oakes Manufacturing Company, a concern engaged in the business of manufacturing dyes, etc., met his death on the 17th day of October, 1916, in a fire which destroyed one of the company's buildings. He left surviving him a widow and children to whom an award was made for his death pursuant to the provisions of the New York Workmen's Compensation Law, as the death was accidental and arose out of and in the course of his employment by the Oakes Manufacturing Company. The cause of action for the death of said Frederick Christman was duly assigned to the plaintiff, the insurance carrier, pursuant to the provisions of section 29 of the Workmen's Compensation Law. It was claimed that the fire was caused through the negligence of a servant of defendant who, while installing electric lighting fixtures in the building, negligently let fall a ladder in such manner that it struck and broke a bottle containing a chemical solution which mixing with other chemicals caused fire.

*E. C. Sherwood* for appellant.

*Russell H. Robbins* and *James B. Henney* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN and LEHMAN, JJ. Dissenting: CRANE and ANDREWS, JJ.

_____

ALTA DONEFER, Respondent, *v.* NATHAN DONEFER, Appellant.

*Husband and wife — separation — action for separation on grounds of cruel and inhuman treatment and abandonment.*

*Donefer* v. *Donefer*, 214 App. Div. 716, affirmed.

(Submitted December 16, 1925; decided January 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 3, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision